# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DYWANE TOUSANT,<br><br>　　　　　　　　　　Defendant. | Case No.: 09-CR-1250-W<br><br>**ORDER DENYING MOTION TO WITHDRAW PLEA [DOC. 251.]** |

　　　On November 2, 2009, Defendant pled guilty to Sex of Trafficking of Children in violation of 18 U.S.C. § 1591. On June 2, 2010, this Court sentenced him to 120 months imprisonment, 15 months of which to run concurrently with a separate state court sentence.

　　　On August 9, 2021, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). On September 16, 2021, the Court denied Defendant's motion to reduce his sentence. Defendant then filed the instant motion, alleging that due to his age, lack of knowledge of the law, and his ability to fully comprehend the charges against him and the language in the plea agreement, he should be permitted to withdraw his plea.

1

A trial court only has jurisdiction over a motion to withdraw from a guilty plea that occurs prior to the imposition of sentence. Fed. R. Crim. P. 11(d). Pursuant to Rule 11(e), "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).[1]

Based on the foregoing, Defendant's motion to withdraw his plea is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 27, 2021

Hon. Thomas J. Whelan
United States District Judge

---

[1] Pursuant to the terms of Defendant's plea agreement, he waived his right to appeal or collaterally attack his conviction and sentence, unless the court imposed a custodial sentence greater than the high end of the guideline range or the mandatory minimum sentence. [Doc. 58 at 8-9.] Defendant was sentenced to the mandatory minimum term.