RANDY S. GROSSMAN
United States Attorney
Alicia P. Williams
Assistant United States Attorney
California Bar No. 262823
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: 619-546-8917
Alicia.Williams@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 09-CR-1250-W |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. 2255** |
| v. | |
| DYWANE TOUSANT, | |
| Defendant. | |

### INTRODUCTION

After moving unsuccessfully to withdraw his plea, and for compassionate release, Defendant now moves this court to vacate his sentence under 28 U.S.C § 2255. In his amended appeal defendant alleges seven claims for relief. As a threshold matter, all are untimely, as his claims were filed on November 4, 2021, and December 28, 2021, over 11 years after the final judgment[1] in his case.

### FACTUAL AND PROCEDURAL BACKGROUND

**I.   Procedural Background**

On November 2, 2009, Defendant pled guilty to sex trafficking of children, in violation of 18 U.S.C. § 1591. On June 2, 2010, this Court sentenced him to 120 months of imprisonment, followed by five years of supervised release. (Fifteen months of the 120-

---

[1] The Court pronounced Defendant's sentence on June 2, 2010. Defendant did not file a Notice of Appeal.

month sentence was to run concurrently with a separate state court sentence.) Defendant is currently incarcerated at FCI Victorville and has a projected release date of July 10, 2028.

On August 9, 2021, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The United States opposed that motion. The Court denied Defendant's motion to reduce his sentence on September 16, 2021. On October 18, 2021, Defendant filed a motion to withdraw his plea. Again, the United States opposed the motion, and on October 27, 2021, the Court denied his motion to withdraw his plea. Shortly thereafter on November 4, 2021, Defendant filed a petition to vacate his sentence under 28 U.S.C § 2255. Later, on December 28, 2021, Defendant filed an amended petition to vacate his sentence, based on seven claims of ineffective assistance of counsel.

## II.   Defendant's Conviction

### A. Offense Conduct[2]

Defendant was convicted of sex trafficking of a minor, in violation of 18 U.S.C. § 1591. That offense carries a ten-year mandatory minimum sentence. The case originally stemmed from an investigation by the Oceanside, California Police Department (OPD) into a report of a kidnapping in which the perpetrators intended to solicit the victim for prostitution. A 14-year-old girl (MF) was approached in the parking lot of a Church's Chicken by Defendant (driving a vehicle) and another individual, and agreed to go with them to a motel in Oceanside. There, the defendants took pictures of MF, and Defendant then took her to post her photos on craigslist.com to solicit men to engage in commercial sex with MF. They then returned to the motel, and informed MF that she could not leave until she made them some money. They again took pictures of MF, including, at Defendant's direction, and using some physical force, explicit photos of her genitalia. MF eventually escaped and called 911. OPD responded, and located a computer in Defendant's car.

---

[2] The facts contained herein are summarized from the Defendant's Presentence Report (PSR), previously filed under seal as Exhibit 1 to United States' Response in Opposition to Defendant's Motion to Reduce Sentence (Dkt. No. 244) as well as the United States' Trial Brief (Dkt. No. 97).

Forensic examination of that computer revealed that four advertisements offering MF for commercial sex were posted using that computer. They also recovered a digital camera and cellular phone. Inside the hotel room, they located four more phones, including MF's. MF later stated that she was hit many times by the defendants during this ordeal.

The PSR also recounts a separate, earlier incident in which Defendant, along with two of his co-defendants, appears to have been involved in attempting to cause a different 14-year-old girl to engage in prostitution, and Defendant stood by while that girl was assaulted for not agreeing. Notably, Defendant was the only one of the four charged defendants in this case who did not admit his involvement post-arrest. When interviewed by U.S. Probation for the PSR, although he did comment that he was sorry that the victim went through this, he stated that this was "not as we perceive."

## II. Defendant's Petition

Defendant petitions this Court to correct or set aside his sentence under 28 U.S.C § 2255. In support of his petition, he puts forth a number of claims all framed as ineffective assistance of counsel: (1) ineffective assistance of counsel due to the failure of his attorney to file a notice of appeal; (2) ineffective assistance of counsel based on failure to conduct adequate mitigation; (3) ineffective assistance of counsel based on misrepresentations regarding the plea agreement; (4) ineffective assistance of counsel based on failure to provide Defendant with discovery; (5) ineffective assistance of counsel due to failure to object; (6) ineffective assistance of counsel[3]; (7) ineffective assistance of counsel based on failure to raise objections and a failure of his counsel to act in his best interest. Defendant's Amended Petition (Def. Pet.)[4]– Dkt. No. 282. Defendant's sixth claim, while framed as an ineffective assistance of counsel claim, is more of a general request for relief in the interest of justice. In his petition, Defendant concedes that at no time did he appeal any of the claims

---

[3] While titled as an ineffective assistance of counsel claim, Defendant's sixth claim makes no actual specific claim of ineffective assistance of counsel against his attorney. Instead, Defendant requests relief in the interest of justice.

[4] Defendant's Amended Petition incorporates his earlier claims in his initial petition. For the purpose of this response, the United Sates will refer only to the Amended Petition.

in his petition, including claim number six. Def. Pet. at 2. Despite filing his motion more than 10 years after the judgment in his case became final, Defendant claims his motion is not time barred because he asked his counsel to file an appeal following the imposition of his sentence and because he was transferred to state custody to serve a state sentence shortly thereafter. Def. Pet. At 16. None of the reasons in Defendant's position qualify as exceptions to the one-year rule.

## ARGUMENT

**I.      The § 2255 Motion is Untimely**

Defendant's motion was not filed within one year of final judgment

To be timely, and thus considered on the merits, a motion under § 2255 must be filed within one year of the latest of:
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f). A conviction is "final" in the context of collateral review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987).

Here, Defendant's judgment was final on June 16, 2010. The habeas petition was filed over 11 years later, on November 4, 2021. It is therefore untimely.

Further, Defendant does not purport to argue that there was any impediment to making a motion created by governmental action in violation of the Constitution or laws

of the United States. The fact that Defendant went into state custody did not create an impediment to him filing a petition.

He also does not claim a new right recognized by the Supreme Court. Nor does he claim to have discovered facts that could not have been discovered through due diligence. All the facts Defendant raises in his claims were known to Defendant years ago. In Ground One, Defendant argues ineffective assistance based on his claim that his attorney failed to file a notice of appeal. (Def. Pet. at 4). However, Defendant could have learned that long ago, by simply checking the docket to see that no appeal had been filed. Grounds Two, Three, Four and Seven, address facts that would have been known to Defendant at the time of his plea and sentencing. (Def. Pet. at 5, 7-8, and 12). Defendant was aware of whether mitigation was offered on his behalf at his sentencing and presentence interview. Defendant certainly would have been aware of the fact that his counsel misrepresented the plea agreement, failed to conduct adequate mitigation, failed to provide him with discovery, and failed to act in his best interest, within one year of his judgment becoming final, and he certainly would have known these facts long before 2021.

Grounds Five and Six are based largely on the Ninth Circuit's decision in Codefendant, Patrick Jones' appeal following his trial (Def. Pet. at 9-11). Even if the Court's ruling would have impacted Defendant, the Court ruled in Jones' case on November 23, 2011, nearly 10 years before Defendant filed his motion. (See Dkt. 190). Ground Seven references and 2008 amendment to the "TVPA." The amendment is not new or recent. Through due diligence, Defendant could have been aware of the amendment well within the one-year time frame.

"The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); see also *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (defendant need not "understand the legal significance of those facts—rather than simply the facts themselves—before the due diligence (and hence the limitations) clock start[s] ticking.")

5

## II. Equitable Tolling Does Not Apply

Equitable tolling is inappropriate here. Equitable tolling is only available in extraordinary cases, and because the facts alleged do not rise to that level, Defendant's argument should be rejected.

Equitable tolling is only available in extraordinary circumstances and does not apply to "garden variety" attorney negligence, including missing filing deadlines and other, objectively deficient, actions. *Holland v. Florida*, 560 U.S. 631, 651 (2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). This analysis is based on principles of agency; defendants are bound by their attorney's actions (or inactions), including negligent acts that prejudice the defendant, but are not so bound when the attorney has abandoned a client. *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) (citing *Holland*, 560 U.S. at 657 (Alito, J., concurring)).

Abandonment is necessarily a fact-specific inquiry, *id.*, but the facts of Defendant's case do not satisfy any reasonable definition. Defendant does not contend that he even attempted to secure an attorney to assist with his petition. He also does not offer any facts that are extraordinary or extreme.

This is a far cry from cases that find attorney abandonment. In *Gibbs*, for example, the habeas attorney simply did not communicate with his client for several years and, despite his promise to the contrary, did not inform Gibbs that the state supreme court had dismissed Gibbs' petition. The Ninth Circuit found this sufficient for attorney abandonment, as the attorney "fail[ed] to communicate about a key development in his client's case." *Gibbs*, 767 F.3d at 885.

*Gibbs* relied on other cases of attorney abandonment in which the attorney never communicated with the client and accepted money without performing any work. *Id.* at 890 (citing *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (finding extraordinary circumstances existed where counsel failed to timely file his client's habeas petition despite having promised to do so, even though the petitioner hired him over a year before the AEDPA deadline, paid him $20,000, gave him his files, and repeatedly inquired about his

6

case) and *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (finding an attorney's failure to file a habeas petition, despite being hired almost a year before the AEDPA deadline, sufficiently extraordinary)).

In *Gibbs* and the cases it cited, "'ignorance of the limitations period was caused by circumstances *beyond the party's control*.'" *Id.* (quoting *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (*en banc*) (emphasis added)). In contrast, an attorney's failure to include a colorable claim in a habeas petition, though "inadequate" representation, "did not constitute abandonment of his client and did not justify the conclusion that extraordinary circumstances existed." *Id.* at 886 (citing *Towery v. Ryan*, 673 F.3d 933, 942 (9th Cir. 2012)); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[M]iscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.")

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

7

Here, Defendant could have filed a petition, either on his own or by employing another attorney. His counsel's advice did not alter or foreclose that possibility. Had Defendant's attorney promised to file the petition, stopped communicating with Defendant, and never made the filing, Defendant would have a stronger argument. As it is, though, he has not demonstrated extraordinary circumstances beyond his control that prevented him from filing. In short, there was nothing beyond Defendant's control that prevented him from filing a petition. He simply did not do so in the time allowed. His motion is therefore untimely and should be denied.

## CONCLUSION

For these reasons, this Court should deny Defendant's motion to withdraw his plea. If the Court deems that any of Defendant's claims are timely, the United States requests the opportunity to seek a declaration from defense counsel to address any specific claims substantively.

DATED: February 11, 2022.                Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Alicia P. Williams*
Alicia P. Williams
Assistant U.S. Attorney